**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3397-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEMPSEY COLLINS,

    Defendant-Appellant.

_____

Submitted April 10, 2025 – Decided April 23, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 11-05-0043 and 14-04-0601.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Laura E. Wojcik, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Dempsey Collins appeals from an April 25, 2023 order denying his petition for post-conviction relief (PCR) based on ineffective assistance of trial counsel, without an evidentiary hearing. Unpersuaded by defendant's arguments, we affirm.

I.

The relevant facts are derived from our prior opinion, State v. Collins, No. A-4046-17 (App. Div. Nov. 22, 2019), and the motion record. We first note defendant pled guilty to charges contained in discrete State and county indictments.

On September 13, 2013, defendant pled guilty to first-degree leading a narcotics network, N.J.S.A. 2C:35-3 and N.J.S.A. 2C:2-6, as charged in the State indictment, and received a sentence of twenty-years' incarceration with a twelve-year period of parole ineligibility, subject to the No Early Release Act, (NERA), N.J.S.A. 2C:43:7. Approximately two years later, on November 12, 2015, defendant pled guilty to third-degree conspiracy to possess controlled dangerous substances (CDS) with intent to distribute, N.J.S.A. 35:5(a)(1), as charged in the Hudson County indictment. On January 24, 2014, at sentencing, he received a four-year term of incarceration to run concurrent to his prior State sentence. The court also amended the judgment of conviction (JOC) to reflect an award of 738

days of jail credits for two periods of time during which defendant had been in custody. Defendant was represented by different counsel when he pled guilty to the State and county indictments.

On August 28, 2016, defendant filed a pro se petition for PCR, arguing there was a "disparity" in the sentencing on the State indictment, trial counsel failed to argue mitigating factor eleven—"[t]he imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents"—and "[t]he sentencing [court] failed to properly apply" the 738 jail credits. The court denied the petition on the briefs without a motion hearing after defendant's assigned counsel failed to appear for oral argument. Defendant appealed and we vacated the order and remanded the matter for oral argument. Collins, slip op. at 6.

Defendant's newly assigned PCR counsel filed an amended petition and the court schedule oral argument for February 1, 2023. At the PCR hearing, defendant argued "an evidentiary hearing is required. . . . [T]rial counsel failed to review the discovery with him, . . . failed to prepare for trial, . . . pressured him into accepting the plea, and . . . never filed a motion to dismiss that [defendant] wanted to be filed." Defendant certified:

> When I entered a guilty plea to the [county] indictment my attorney told me that I would get jail credit for the

time served and that this jail credit would reduce my total time served. I now realize this was wrong. Although the time awarded is considered jail credit it has not lowered my overall time. I believe I am entitled to an additional 738 days of credit that should reduce my overall sentence.

Defendant emphasized "[t]he argument here is that trial counsel told him he was going to get the time. . . . His attorney told him . . . [he was] going to get credit for that, [and] it's gonna reduce [his] overall sentence." He asserted "a prima facie case ha[d] been established to award an evidentiary hearing on that issue specifically."

In response, the State maintained "by and large the arguments of [defendant] are simply bold assertions. . . . [T]hey lack specificity." Prior to ruling on the petition, the court clarified with the State "the jail credits we're talking about related to the [county indictment]."

The following exchange occurred between the court and defendant:

THE COURT: Well[,] he did get 738 jail credits, it's on the [JOC].

[PCR COUNSEL]: But he didn't apparently [be]cause . . . the [Department of Corrections (DOC)] is not recognizing . . . that's the whole point.

THE COURT: Well . . . I'm not sure if that's even a matter for a PCR really. . . .

. . . .

4

THE COURT: Now . . . if the judge said no, that's what I meant when I sentenced him[,] then the 738 days should have been awarded. Sometimes, . . . the [DOC] sends . . . letters to the court wanting clarification on sentencing. So if . . . [the sentencing judge] sent a letter saying to the [DOC] no, I meant to give him 738 credit, then the [DOC] should follow that because—

[PCR COUNSEL]: And if they haven't?

THE COURT: I don't know why they wouldn't. Usually if a judge says it, it's done. . . . If [the sentencing judge] said in a letter to [DOC] this is exactly what I meant to award him, 738 days, the [DOC] is obligated to honor that decision.

. . . .

THE COURT: I don't know what else the [c]ourt . . . honestly can do if the judge reiterated that you get the 738 days.

The court issued a thoughtful written opinion rejecting all of defendant's arguments. First, the court rejected defendant's argument he should have received ten years of parole ineligibility instead of twelve years as meritless in view of N.J.S.A. 2C:35-12, which provides a court at sentencing shall not impose a lesser term of imprisonment or period of parole ineligibility than that expressly provided for under the terms of a plea agreement. The court concluded, "[defendant] was sentenced to [twenty] years of imprisonment with [twelve] years of parole ineligibility pursuant to the plea agreement, a

5

significantly lighter sentence than the [c]ourt would typically be required to impose absent it."

Regarding defendant's remaining arguments, the court concluded they were "nothing more than bald assertions that do not establish a prima facie case for ineffective assistance of counsel, let alone a successful one." The court explained defendant had not provided any specifics or evidence showing counsel had failed to investigate the scene of the crime, interview witnesses, or discuss discovery with him, or that he pressured defendant into accepting the plea offer. Further, defendant did not make clear whether he is discussing the State or the county indictment in his arguments.

As to defendant's argument he was incorrectly advised how his jail credits would be applied, the court noted defendant had failed to provide any evidence to support this contention. The court found, although there was no evidence "[defendant] could provide to prove the contents of his conversations with his attorney, [defendant] is still not entitled to" the relief he seeks because "[h]e fail[ed] to demonstrate why, if correctly advised about his jail credits, he would rationally have not taken the plea deal and went to trial."

On appeal, defendant raises the following point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT

6

HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISINFORMING HIM ABOUT HIS JAIL CREDITS, BY FAILING TO PROVIDE ADEQUATE INFORMATION OR FILE MOTIONS PRETRIAL SUCH THAT HE FELT PRESSURED INTO A GUILTY PLEA, AND BY FAILING TO ARGUE ADEQUATELY AT SENTENCING.

## II.

We review the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015).

Under the "'second, and far more difficult prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's

7

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). "[C]ourts are permitted leeway to choose to examine first whether a defendant has been prejudiced, . . . and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing Strickland, 466 U.S. at 697).

When a guilty plea is involved, a defendant must satisfy two criteria to set aside the plea based on ineffective assistance of counsel. State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009). The defendant must demonstrate that "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" Ibid. (alteration in original) (quoting State v.

DiFrisco, 137 N.J. 434, 457 (1994)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The defendant must also show that doing so "would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); accord Nuñez-Valdéz, 200 N.J. at 139.

Defendant avers plea counsel advised him the 738 days of jail credits would reduce his overall sentence, and because the DOC failed to apply the credits, he was "forced into an unknowing plea" when he otherwise would have proceeded to trial. He maintains, based on the above showings, he has presented a prima facie claim of ineffective assistance of counsel and is entitled to an evidentiary hearing.

As a preliminary matter, we discern the PCR court properly concluded defendant failed to identify in his arguments, at times, which of his counsel— State or county—was allegedly deficient in their representation. For this reason alone, we discern defendant's unspecified claims against counsel lack merit. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52.

In his certification, defendant contends he "ended up pleading guilty, but only because [he] believed that [his] attorney had no intertest in representing [him] at trial." He further certified "[w]hen [he] entered a guilty plea to the

A-3397-22

[county] indictment, [his] attorney told [him] . . . [he] would get jail credit . . . [which] would reduce [his] total time served."

Based on the record, we are satisfied defendant's PCR petition was correctly denied. Defendant failed to support his claims by demonstrating a "reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial." Nuñez-Valdéz, 200 N.J. at 139. The PCR court confirmed during oral argument that defendant's JOC reflected 738 days of jail credit at the time of his second plea to the county indictment. There is no error in the number of jail credits defendant was entitled to and defendant provides no support for his claim counsel was deficient in counselling him about the credits or how they would be applied to his sentence.

Critically, defendant ignores the fact, at the time of his second conviction, he was extended term eligible pursuant to N.J.S.A. 2C:43-6(f), having previously been convicted as a leader of a narcotics trafficking network, and it was the plea agreement that prevented the State from seeking an extended term and consecutive sentence. Defendant's four-year flat, concurrent sentence therefore could have been much longer if he had proceeded to trial and been convicted of third-degree conspiracy in 2015.

It is axiomatic that "to establish a prima facie claim [of ineffective assistance of counsel], a [defendant] must do more than make bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Observing no error in the calculation or application of his jail credits, defendant's claims lack "facts sufficient to demonstrate counsel's alleged substandard performance." Ibid. As the court found, defendant's assertions amount to bald assertions that cannot form the basis of a successful PCR. Ibid.

Defendant's remaining arguments are equally unavailing. He broadly avers plea counsel failed to provide or review discovery with him, failed to investigate the scene of the crime, failed to interview witnesses, and pressured him to accept the plea deal. We reject these arguments because defendant does not state what discovery was allegedly withheld from him, or what difference the discovery would have made in determining whether he would have accepted the plea offer. Nor does defendant detail the witnesses he maintains counsel failed to interview, or what he expected counsel's "investigation" of the crime scene to produce that would have altered the outcome of his case or prompted him to reject the State's plea offer in lieu of the trial.

As to defendant's argument counsel was ineffective for failing to argue mitigating factor eleven—"[t]he imprisonment of the defendant would entail

excessive hardship to the defendant or the defendant's dependents"—at sentencing, the presentence reports for both indictments indicated defendant had no income. N.J.S.A. 2C:44-1(b)(11). He was unemployed at the time of his first sentencing and incarcerated at the time of his second. There is thus no proofs or support in the record for this factor. Counsel is not required to make every argument especially if those arguments are not supported by the record. State v. Echols, 199 N.J. 344, 361 (2009).

Because defendant cannot satisfy Strickland's first prong by establishing plea counsel's representation, as to either indictment, was constitutionally deficient, we must reject his claims. Gaitan, 209 N.J. at 350. Further, the PCR court properly found defendant failed to establish a prima facie case of ineffective assistance of counsel, thus, defendant was not entitled to an evidentiary hearing. R. 3:22-10(b).

To the extent we have not addressed any of defendant's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division